THE STATE OF OHIO, APPELLEE, *v.* KALISH, APPELLANT.

[Cite as *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912.]

(No. 2007–1703—Submitted May 21, 2008—Decided October 2, 2008.)

O'CONNOR, J.

{¶ 1} The issue before us today is yet another remnant from our decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In *Foster,* we severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.

{¶ 2} In so doing, we recognized that *Foster* would affect subsequent appellate review of sentencings, noting that "[t]he appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies." Id. at ¶ 99.

{¶ 3} Since *Foster,* the courts of appeals have adopted varied standards for reviewing trial court sentencing decisions, ranging from abuse of discretion, as in the instant case, to a standard that considers whether the sentence is clearly contrary to law. *State v. Burton,* 10th Dist. No. 06AP–690, 2007-Ohio-1941, 2007 WL 1196579.

{¶ 4} In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

## I. Relevant Background

{¶ 5} On November 14, 2005, the Lake County Grand Jury returned a six-count indictment against appellant, Laura Ann Kalish, for OVI and other driving offenses. Kalish eventually pleaded guilty to aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(2)(a), and driving with a prohibited concentration of alcohol in bodily substances, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(b). Following this plea, on April

27, the trial court sentenced Kalish to five years in prison on the aggravated-vehicular-homicide charge [1] and a concurrent prison term of six months on the remaining count. In imposing the sentence, the trial court indicated in its judgment entry and on the record that it had considered the principles and purposes of sentencing under R.C. 2929.11, in addition to balancing the seriousness and recidivism factors under R.C. 2929.12.

{¶ 6} Kalish appealed the sentence to the Eleventh District Court of Appeals. Specifically, Kalish challenged her sentence on the basis that it was inconsistent with and disproportionate to other sentences for the same offense. In reviewing the sentence, the appellate court noted that because *Foster* left trial courts with the discretion to impose a sentence within the statutory range, the abuse-of-discretion standard was the appropriate standard of review and affirmed the sentence by a two-to-one vote. *State v. Kalish,* 11th Dist. No. 2006–L–093, 2007-Ohio-3850, 2007 WL 2164552, ¶ 14.

{¶ 7} The dissenting judge countered that the proper standard to review a sentence challenged under R.C. 2929.11 and 2929.12 should remain "de novo, applying the clear and convincing standard." Id. at ¶ 31. Furthermore, the dissent questioned the majority's ability to overrule precedent from the Eleventh District issued by differently constituted panels. Id. at ¶ 33.

{¶ 8} We accepted jurisdiction over Kalish's appeal. *State v. Kalish,* 116 Ohio St.3d 1455, 2007-Ohio-6803, 878 N.E.2d 33. Kalish now asks us to find (1) that *Foster* did not change the appellate standard of review for felony sentencing appeals and (2) that under the principle of stare decisis, courts of appeals do not have authority to overrule a decision of the same district reached by a different panel.

## II. Analysis

### A

{¶ 9} Prior to *Foster,* there was no doubt regarding the appropriate standard for reviewing felony sentences. Under the applicable statute, appellate courts were to "review the record, including the findings underlying the sentence or modification given by the sentencing court. * * * The appellate court's standard for review [was] not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2).

{¶ 10} The statute further authorized a court of appeals to "take any action * * * if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section

---

1. The minimum prison term for this count would have been two years.

2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law." Former R.C. 2953.08(G)(2), 2004 Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5814.

{¶ 11} The obvious problem with the statute as written and its relation to *Foster* is the references to "the findings underlying the sentence" and to the determination "[t]hat the record does not support the sentencing court's findings." *Foster's* result was to sever the portions of the statute that required judicial fact-finding to warrant a sentence beyond the minimum term in order to make Ohio's sentencing scheme compatible with the United States Supreme Court's decisions in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621. Therefore, trial courts *"have full discretion to impose a prison sentence* within the statutory range and *are no longer required to make findings or give their reasons* for imposing maximum, consecutive, or more than the minimum sentences." (Emphasis added.) *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 100.

{¶ 12} As the passage cited above clearly indicates, *Foster* does not require a trial court to provide any reasons in imposing its sentence. For example, when imposing consecutive sentences prior to *Foster,* the trial court had to find that the sentence was necessary to protect the public and was not disproportionate to the seriousness of the offense and the danger the defendant posed to the public. R.C. 2929.14(E)(4). After *Foster,* a trial court can simply impose consecutive sentences, and no reason need be stated. Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under R.C. 2953.08(G)(2).

{¶ 13} Although *Foster* eliminated mandatory judicial fact-finding for upward departures from the minimum, it left intact R.C. 2929.11 and 2929.12. The trial court must still consider these statutes. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. "In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id. Furthermore, the trial court must still be mindful of imposing the correct term of postrelease control.

{¶ 14} Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial-fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).

{¶ 15} If on appeal the trial court's sentence is, for example, outside the permissible statutory range, the sentence is clearly and convincingly contrary to law, and the appellate court's review is at an end. The sentence cannot stand. However, if the trial court's sentence is not contrary to law, what is the effect of R.C. 2929.11 and 2929.12 and their relevance to R.C. 2953.08(G)(2) and *Foster*?

{¶ 16} Because *Foster* now gives judges full discretion to impose a sentence within the statutory range without having to "navigate a series of criteria that dictate the sentence," *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 25, the state's position that an abuse-of-discretion standard must be used is understandable. Although R.C. 2953.08 did not allow appellate courts to use the abuse-of-discretion standard of review, the statute prior to *Foster* was concerned with review of the trial court's factual findings under the now excised portions of the statute.

{¶ 17} R.C. 2929.11 and 2929.12, however, are not fact-finding statutes like R.C. 2929.14.[2] Instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence. In considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure.[3] Moreover, R.C. 2929.12 explicitly permits a trial court to exercise its discretion in considering whether its sentence complies with the purposes of sentencing. It naturally follows, then, to review the actual term of imprisonment for an abuse of discretion. Cf. *State v. Stroud*, 7th Dist. No. 07 MA 91, 2008-Ohio-3187, 2008 WL 2555125, ¶ 63 (Donofrio, J., concurring in judgment). Therefore, assuming the trial court has complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to *Foster*.

{¶ 18} Applying the foregoing analysis to this case, we initially note that the appellate court did not review the sentence to ensure that the trial court clearly and convincingly complied with the pertinent laws. Nevertheless, we can still affirm the court of appeals, albeit on different grounds. Here, the trial court's decision was not contrary to law. The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors

---

2. Our decision in *Foster* supports this conclusion because if these statutes were the equivalent of judicial-fact-finding statutes, then *Foster* would have declared them unconstitutional as well. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 36–42.

3. Although these statutes do not require judicial fact-finding in the *Blakely* sense, their application can be reviewed for an abuse of discretion because they delineate, to a certain extent, the trial court's exercise of discretion, given to them by *Foster*'s remedy, in determining the appropriate sentence.

listed in R.C. 2929.12.[4] Moreover, it properly applied postrelease control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law.

{¶ 19} Next, we must determine whether the trial court actually abused its discretion. An abuse of discretion is " 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 20} In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations. The court considered that at the time of the offense in this case, Kalish was out on bond for another DUI charge. In addition, Kalish already had limited driving privileges when she committed the crime in this case. Although this was Kalish's first offense, there is nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, we affirm the Eleventh District's judgment.

## B

{¶ 21} Turning to the second proposition of law, Kalish urges us to find that under stare decisis, a district court of appeals does not have authority to overrule a decision of the same district that is reached by a different panel.

{¶ 22} Without question, "[s]tare decisis is the bedrock of the American judicial system." *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 1. Notwithstanding the importance of stare decisis, our duty is "to decide actual controversies between parties * * * [and] to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 257 N.E.2d 371.

{¶ 23} Kalish maintains that the court of appeals violated the doctrine of stare decisis in rendering its opinion in this case. In support of her argument, Kalish latches on to the majority's declaration that "[t]o the extent that [its] holding concerning the standard of review is inconsistent with any previous decision of this court, such decision is modified to be consistent with our holding today." 2007-Ohio-3850, 2007 WL 2164552, at ¶ 14.

---

4. Of course, where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes. Cf. *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

{¶ 24} Kalish, however, does not cite a single prior case from the Eleventh District that this appellate decision overruled.[5]  Instead, Kalish devotes the bulk of her argument in support of the second proposition to giving additional reasons against an abuse-of-discretion standard.

{¶ 25} Thus, we find that the proposition does not present an actual, justiciable controversy.  In the absence of any concrete examples of a violation of stare decisis, the issue simply poses a hypothetical question that is inappropriate for review.  We decline to answer the proposition because doing so would result in an improper advisory opinion.  *Cascioli v. Cent. Mut. Ins. Co.* (1983), 4 Ohio St.3d 179, 183, 4 OBR 457, 448 N.E.2d 126.

### III.  Conclusion

{¶ 26} For the foregoing reasons, appellate courts must apply a two-step approach when reviewing felony sentences.  First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

Judgment affirmed.

Moyer, C.J., and O'Donnell, J., concur.

Willamowski, J., concurs in judgment only.

Pfeifer, Lundberg Stratton, and Lanzinger, JJ., dissent.

John R. Willamowski, J., of the Third Appellate District, sitting for Cupp, J.

---

**Willamowski, J., concurring in judgment only.**

{¶ 27} While I agree with the result reached by the plurality, I believe the issue before the court to be of limited scope:  whether the standard of review set forth in R.C. 2953.08(G)(2) applies to those appeals challenging the trial court's considerations under R.C. 2929.11 and 2929.12.  In my opinion, R.C. 2953.08(G)(2) applies only in part, and I would therefore affirm the judgment of the trial court.

{¶ 28} As noted by both the plurality and the dissent, this court severed portions of Ohio's sentencing statute, including those sections that allowed for the

---

5.  It is curious that the dissenting opinion in the court of appeals also neglected to cite any specific cases that were overruled when it "question[ed] the power of [the majority] to issue opinions overruling established precedent * * * in complete contravention of the principle of stare decisis." *Kalish* at ¶ 33.

imposition of nonminimum, maximum, and consecutive sentences, because the now excised statutes required trial courts to make certain findings based on facts not admitted by the defendant or found by a jury. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 82–83, and paragraphs one through six of the syllabus. The court considered the effect of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, on R.C. 2929.11 and 2929.12 and noted, "[T]here is no mandate for judicial fact-finding in the general guidance statutes." Id. at ¶ 42. In discussing the general standard of review provided by R.C. 2953.08(G), the court stated, "Employing a clear-and-convincing-evidence standard of review, the appellate court may 'increase, reduce, or otherwise modify a sentence' or may vacate the sentence and remand the matter for resentencing if the record does not support the judge's findings or the sentence is otherwise contrary to law under R.C. 2953.08(G)(2)(a) and (b)." (Footnote omitted.) Id. at ¶ 48.

{¶ 29} R.C. 2929.11 provides:

{¶ 30} "(A) A court that sentences an offender for a felony *shall be guided* by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court *shall consider* the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 31} "(B) A sentence imposed for a felony *shall be reasonably calculated* to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 32} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender." (Emphasis added.)

{¶ 33} R.C. 2929.12 states:

{¶ 34} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony *has discretion* to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, *the court shall consider* the factors set forth in *divisions (B) and (C)* of this section relating to the seriousness of the conduct and the factors provided in *divisions (D) and (E)* of this section relating to the likelihood of the offender's recidivism *and, in*

*addition, may consider any other factors that are relevant to achieving those purposes and principles* of sentencing." (Emphasis added.)

{¶ 35} The remaining divisions and subdivisions of R.C. 2929.12 provide nonexclusive lists of factors the court must consider in determining the most effective way to comply with the principles and purposes of felony sentencing.

{¶ 36} Since the trial court's considerations under R.C. 2929.11 and 2929.12 are not "findings," a sentence would be contrary to law in that regard if the court neglects to consider the statutes. See generally *State v. Hairston,* 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, at ¶ 25 ("Although *Foster* eliminated judicial fact-finding, courts have not been relieved of the obligation to consider the overriding purposes of felony sentencing, the seriousness and recidivism factors, or the other relevant considerations set forth in R.C. 2929.11, 2929.12, and 2929.13. When imposing sentence, courts must be faithful to the law, must not be swayed by public clamor, media attention, fear of criticism, or partisan interest, and must be mindful of the obligation to treat litigants and lawyers with dignity and courtesy"); *State v. Bates,* 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, at ¶ 18 ("The severance * * * of former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) in their entirety by *Foster* * * * leaves no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic 'purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12").

{¶ 37} In *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, at paragraph three of the syllabus, this court held that "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." However, the holding in *Adams* was implicitly overruled by *State v. Arnett* (2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793, in which Justice Cook stated, "[T]he sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a rote recitation that she had considered the applicable [factors]." Since R.C. 2929.11 and 2929.12 require the court to consider certain issues and factors, and in light of this court's holding in *Arnett,* a judgment entry devoid of any reference to R.C. 2929.11 and 2929.12 would be contrary to law. Thus, R.C. 2953.08(A)(4) and (G)(2) would permit the appellate court to "increase, reduce, or otherwise modify a sentence that is appealed under this section or * * * vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 38} Furthermore, under R.C. 2929.11, the court's consideration of the sentence could be reviewed under the clear-and-convincing-evidence standard. Just as appellate courts previously reviewed the evidence under R.C. 2929.14(B), (C), and (E)(4) under the clear-and-convincing-evidence standard specified in R.C.

2953.08(G), they can just as easily review any evidence introduced in support of, or in opposition to, R.C. 2929.11(B) as it relates to the seriousness of the crime and sentences imposed for similar offenses. However, I believe that a different result is reached when the appellant challenges the trial court's consideration of the factors enumerated in R.C. 2929.12. This is so because the statute specifically grants the trial court discretion in its consideration. Although the dissent believes the language of R.C. 2953.08(G) to be unambiguous in requiring review to determine whether the sentence is clearly and convincingly contrary to law, the meaning is not so clear when read in pari materia with R.C. 2929.12, which sets forth its own standard of review: an abuse of discretion.

{¶ 39} Prior to their severance, R.C. 2929.14(B), (C), and (E)(4) did not establish a separate standard of review. In other words, those statutes did not grant the trial courts discretion in making the findings necessary to impose nonminimum, maximum, or consecutive sentences. Without specific language indicating a different standard of review, the standard found in R.C. 2953.08(G) was appropriate.

{¶ 40} A common rule of statutory interpretation requires that a specific statute prevail over a general statute. See generally *State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, at ¶ 14 (holding that R.C. 2925.11, which prescribes specific sentences, controls over the more general sentencing statutes). A statute setting forth its own standard of review contrary to the standard of review found in a more general statute is no different than a statute setting forth specialized punishments, which would take precedence over a general sentencing statute.

{¶ 41} Additionally, this court has held that a trial court's findings under R.C. 2929.12 would not be reversed absent an abuse of discretion. See *State v. Arnett*, 88 Ohio St.3d at 217, 724 N.E.2d 793.

{¶ 42} In my opinion, R.C. 2953.08(G) is not, and has never been, applicable to R.C. 2929.12(B) through (D). However, R.C. 2953.08(G) is, and has always been, applicable to R.C. 2929.11. R.C. 2953.08(G) is also applicable to R.C. 2929.12 only insofar as reviewing whether the trial courts bothered to consider the factors of divisions (B) through (D). If they did consider the factors of divisions (B) through (D), then their consideration of these factors is reviewed under an abuse-of-discretion standard, since they are specifically indicated by R.C. 2929.12 to be discretionary. While I believe that the dissent's view is overly broad in its application and overlooks the standard established by R.C. 2929.12, I also believe that the plurality's new "two-step" test is overly broad by requiring appellate courts to conduct a double review. Accordingly, I concur in judgment only.

LANZINGER, J., dissenting.

{¶ 43} I respectfully dissent. The standard of appellate review of felony sentences remains unchanged by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In reviewing any felony sentence, an appellate court must determine whether the record clearly and convincingly demonstrates that the sentence is contrary to law. R.C. 2953.08(G)(2).

{¶ 44} Before considering the plurality's new interpretation of *Foster*'s effect on sentencing appeals, it is important to look at the governing statute. To justify its holding, the plurality interprets a statute to mean the opposite of what it plainly says.

### The Statute: R.C. 2953.08(G)(2)

{¶ 45} The appropriate standard of appellate review for felony sentences is found in R.C. 2953.08(G)(2):

{¶ 46} "The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶ 47} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. *The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds* either of the following:

{¶ 48} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶ 49} "(b) *That the sentence is otherwise contrary to law.*" (Emphasis added.)

### Interpretation of *State v. Foster* by Appellate Courts

{¶ 50} The plurality opinion begins with a summarizing statement from *Foster* that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. This language has been interpreted by some appellate courts as changing the standard of review to that of abuse of discretion. *State v. Babb*, 9th Dist. No. 23631, 2007-Ohio-5102, 2007 WL 2812949, ¶ 8; *State v. Schweitzer*, 3d Dist. No. 2–06–25, 2006-Ohio-6087, 2006 WL 3350776, ¶ 19. Others have inter-

preted *Foster* as severing R.C. 2953.08(G)(2) in its entirety, thereby creating a "void." *State v. Firouzmandi,* 5th Dist. No. 2006–CA–41, 2006-Ohio-5823, 2006 WL 3185175, ¶ 37; *State v. Dudukovich,* 9th Dist. No. 05CA008729, 2006-Ohio-1309, 2006 WL 709102, ¶ 20. Still others have used both the clear-and-convincing and abuse-of-discretion standards of appellate review. *State v. Payne,* 11th Dist. No. 2006–L–272, 2007-Ohio-6740, 2007 WL 4395051, ¶ 19–20; *State v. Barringer,* 11th Dist. No. 2007–P–0002, 2008-Ohio-729, 2008 WL 482831, ¶ 25. The confusion has created inconsistency among the appellate districts.

{¶ 51} We accepted this case to resolve questions over the standard of appellate review and how it should be applied after *State v. Foster.* The concurring opinion confusingly suggests separate standards of review depending on which statute is involved—R.C. 2929.11 (clear and convincing) or R.C. 2929.12 (abuse of discretion). To the contrary, R.C. 2953.08 is comprehensive in setting forth guidance for appellate review of felonies. Division (A) begins:

{¶ 52} "In addition to any other right to appeal * * *, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

{¶ 53} " * * *

{¶ 54} "(4) The sentence is contrary to law."

{¶ 55} The same right to appeal a sentence contrary to law is granted to the state. R.C. 2953.08(B)(2). Both R.C. 2953.08(G)(1) and (2) include the language that refers to "the court hearing an appeal under division (A), (B), or (C) of this section." Thus, R.C. 2953.08(G)'s scope covers all the felony sentencing statutes.

### The Effect of *Foster* on Appellate Review

{¶ 56} In *Foster,* we excised as unconstitutional R.C. 2929.14(B), (C), and (E)(4), which were portions of Ohio's felony sentencing laws that required the trial court to make findings when imposing nonminimum, maximum, and consecutive sentences respectively. 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 99. We did this because those sections *required* judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant. Id. at ¶ 83. We also stated, "The appellate statute R.C. 2953.08(G), *insofar as it refers to the severed sections,* no longer applies." (Emphasis added.) Id. at ¶ 99. Thus, although *Foster* nullified a portion of R.C. 2953.08(G)(2) that related to the offending *Blakely–Apprendi* findings, *Foster* did *not* sever the entire statute governing appellate review of sentences.

{¶ 57} We explained *Foster*'s consequences further in a companion case: "Now, after severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or

admission of the defendant. Nor is judicial fact-finding required before imposition of consecutive prison terms. R.C. 2953.08(G) no longer applies to require consecutive findings on the appellate record. Judicial findings must be provided only for downward departures, such as when a court refuses to impose the presumptive prison term under R.C. 2929.13(D) or when a court grants a judicial release." (Citation omitted.) *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 27. Thus, *Foster*'s severance of certain statutes has neither changed the standard of review for felony sentences to abuse of discretion nor created a void in the standard of appellate review.

{¶ 58} The mere fact that the court has "full discretion" to impose a prison sentence within the statutory range, or that it no longer is required to make certain judicial findings when sentencing, does not mean it is forbidden to give reasons or make findings. We stated explicitly in *Mathis:* "[I]n exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." *Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 38. Even though, except for downward departures, mandatory fact-finding is gone, a court may still, and usually will, create a record explaining why a particular sentence was selected.

{¶ 59} Because the sentencing duties of a trial judge involve much more than merely selecting a prison term within a statutory range, a sentence may be challenged as "contrary to law" even if it is within a statutory range. While *Foster* did liberate judges from the requirement to make certain findings, it did not free judges from all other statutory requirements. R.C. 2929.11 and 2929.12 are written in mandatory terms. R.C. 2929.11(B) states: "A sentence imposed for a felony *shall be reasonably calculated to achieve* the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." (Emphasis added.) R.C. 2929.12(A) states: "In exercising [its] discretion, *the court shall consider the factors* set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." (Emphasis added.)

{¶ 60} Furthermore, there are notifications for the court to give in all cases or special procedures to be followed that may depend upon a particular crime. See, e.g., R.C. 2929.19(B)(4)(a) (court's obligations regarding the classification of sex offenders); R.C. 2951.03(B)(5) (court's duty regarding alleged errors in the presentence investigation report); *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 9; and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 15 (duty to notify an offender of postrelease control; otherwise sentence is "contrary to law").

{¶ 61} In summary, *Foster*'s severance of certain statutes has neither changed the standard of review for felony sentence to abuse of discretion nor created a void in the standard of appellate review.

## The Plurality's "Two Step" Approach

{¶ 62} There is no need to announce an approach that employs two standards of review. By limiting the existing statutory standard to an initial review, the plurality's approach rewrites the statute. It holds that "[appellate courts] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.*" (Emphasis added.) Plurality opinion at ¶ 4. This language flatly contradicts R.C. 2953.08(G)(2): "The appellate court's standard for review is *not* whether the sentencing court abused its discretion." (Emphasis added.)

{¶ 63} R.C. 2953.08(G)(2) is clear that "[t]he appellate court may take any action authorized by this division if it clearly and convincingly finds * * * (b) [t]hat the sentence is otherwise contrary to law." Adhering to this standard is not inconsistent with *Foster*'s holding that trial courts have "full discretion" to impose "a prison sentence within the statutory range." *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 100.

{¶ 64} The courts in at least half of the appellate districts seem to have had no difficulty in applying the unchanged standard of review since *Foster* and have examined the record to determine whether the sentence is clearly and convincingly contrary to law. See *State v. Sheppard*, 1st Dist. Nos. C–060042 and C–060066, 2007-Ohio-24, 2007 WL 29440, ¶ 16 (consecutive terms were not contrary to law); *State v. Vickroy*, 4th Dist. No. 06CA4, 2006-Ohio-5461, 2006 WL 2988117, ¶ 15–21 (consideration of statutory guidelines is not contrary to law); *State v. McLaughlin*, 7th Dist. No. 07 MA 39, 2008-Ohio-3329, 2008 WL 2609663, ¶ 15–23 (court's reasons for sentence were not contrary to law); *State v. Morris*, 8th Dist. No. 89425, 2008-Ohio-3026, 2008 WL 2476763, ¶ 12 (prison term in lieu of community control was not contrary to law); *State v. Burton*, 10th Dist. No. 06AP–690, 2007-Ohio-1941, 2007 WL 1196579, ¶ 30–40 (sentences upheld as not

contrary to law); *State v. Rice*, 12th Dist. No. CA2006–01–002, 2006-Ohio-5511, 2006 WL 3003954, ¶ 3–6 (sentence was supported by record and not contrary to law).

{¶ 65} As the Tenth District explained in overruling two cases,[6] a court of appeals, in deciding whether a sentence was clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b), must " 'look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence is otherwise contrary to law.' " *Burton*, 2007-Ohio-1941, 2007 WL 1196579, at ¶ 19, quoting *Vickroy*, 2006-Ohio-5461, 2006 WL 2988117, at ¶ 16.

{¶ 66} Appellate review of felony sentencing has changed to the extent that there may be fewer findings for a court to review on appeal—a mere lack of findings is no longer contrary to law as it was before *Foster*, and the trial court may impose prison within a statutory range. But the remainder of Ohio's felony structure stays in place unless or until the General Assembly decides to modify the statutes. The court of appeals still "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if a sentence is clearly and convincingly "contrary to law." R.C. 2953.08(G)(2). This court should not impose the more deferential abuse-of-discretion standard when the statute has expressly rejected that standard.

## Conclusion

{¶ 67} The Eleventh District Court of Appeals erroneously reviewed this case under an abuse-of-discretion standard and held that there is nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable. *State v. Kalish*, 11th Dist. No. 2006–L–093, 2007-Ohio-3850, 2007 WL 2164552, ¶ 14–26.

{¶ 68} Because *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, does not modify the standard of appellate review for felony sentences, I dissent. I would reverse the judgment of the court of appeals and remand this case for the court of appeals' application of the proper standard of review.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing opinion.

_____

Charles E. Coulson, Lake County Prosecuting Attorney, and Alana A. Rezaee, Assistant Prosecuting Attorney, for appellee.

_____

6. *State v. Knopf*, Franklin App. No. 05AP–1201, 2006-Ohio-3806, 2006 WL 2058064; *State v. Fout*, Franklin App. No. 06AP–664, 2007-Ohio-619, 2007 WL 453995.

Rosplock & Perez and Richard J. Perez; and Jesse M. Schmidt, for appellee.

Timothy Young, Ohio Public Defender, and Kelly K. Curtis, Assistant State Public Defender, urging reversal for amicus curiae Ohio Public Defender.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.