[Cite as *State v. Little*, 2012-Ohio-2895.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. CT2011-0057 |
| ANTHONY S. LITTLE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:   Appeal from the Muskingum County
                           Common Pleas Court, Case No.
                           CR2011-0077


JUDGMENT:                  Affirmed


DATE OF JUDGMENT ENTRY:    June 25, 2012


APPEARANCES:


For Plaintiff-Appellee            For Defendant-Appellant


ROBERT L. SMITH                   DAVID A. SAMS
Assistant Prosecuting Attorney    Box 40
27 North Fifth Street             W. Jefferson, Ohio 43162
Zanesville, Ohio 43701

*Hoffman, J.*

{¶1}    Defendant-appellant Anthony S. Little appeals his sentence entered by the Muskingum County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶2}    On March 23, 2011, Appellant was indicted for rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree.

{¶3}    On September 19, 2011, Appellant entered a plea of guilty to an amended charge of sexual battery, in violation of R.C. 2907.03(A)(1), a felony of the third degree.  Pursuant to the plea agreement, the State agreed to make no recommendation as to sentencing.

{¶4}    On October 24, 2011, the trial court conducted a sentencing hearing, during which the trial court ordered Appellant serve a mandatory prison term of sixty months.  The court also designated Appellant a Tier II sexual offender.

{¶5}    Appellant now appeals, assigning as error:

{¶6}    "I. THE TRIAL COURT ERRED WHEN IMPOSING A MAXIMUM SENTENCE UPON DEFENDANT-APPELLANT CONTRARY TO THE OVERRIDING PURPOSES OF FELONY SENTENCING UNDER HB 86."

{¶7}    Appellant asserts the trial court erred in imposing the maximum sentence contrary to the minimum sentence presumption established in H.B. 86, in the absence of R.C. 2929.12 factors which would overcome the presumption.  As a result, Appellant argues his sentence is contrary to the newly enacted H.B. 86; therefore, must be vacated and he should be resentenced.  We disagree.

{¶8}   H.B. 86 became effective September 30, 2011, sixteen days after the alleged offense, but prior to the sentencing herein.  The enacted legislation reads at Section 4,

{¶9}   "The amendments to sections 926.99, 1333.99, 1707.99, 1716.99, 2909.03, 2909.05, 2909.11, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913. 31, 2913.32, 2913.34, 2913.40, 2913.401, 2913.42, 2913.421, 2913.43, 2913.45, 2913.46, 2913.47, 2913.48, 2913.49, 2913.51, 2913.61, 2915.05, 2917. 21, 2917.31, 2917.32, 2921.13, 2921.41, 2923.31, and 2981.07, division (B) of section 2929.13, and division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

{¶10}   "The provisions of sections 926.99, 1333.99, 1707.99, 1716.99, 2909.03, 2909.05, 2909.11, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913. 32, 2913.34, 2913.40, 2913.401, 2913.42, 2913.421, 2913.43, 2913.45, 2913.46, 2913.47, 2913.48, 2913.49, 2913.51, 2913.61, 2915.05, 2917.21, 2917. 31, 2917.32, 2921.13, 2921.41, 2923.31, and 2981.07 of the Revised Code in existence prior to the effective date of this section shall apply to a person upon whom a court imposed sentence prior to the effective date of this section for an offense specified or penalized under those sections. The amendments to sections 926.99, 1333.99, 1707.99, 1716.99, 2909.03, 2909. 05, 2909.11, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913.32, 2913.34, 2913.40, 2913.401, 2913.42, 2913.421, 2913.43, 2913.45, 2913.46, 2913.47, 2913.48, 2913.49, 2913.51, 2913.61, 2915.05, 2917.21, 2917.31, 2917. 32, 2921.13,

2921.41, 2923.31, and 2981.07 of the Revised Code that are made in this act do not apply to a person who upon whom a court imposed sentence prior to the effective date of this section for an offense specified or penalized under those sections."

**{¶11}** As set forth above, Appellant entered a plea to sexual battery, in violation of R.C. 2907.03(A)(1). H.B. 86 did not amend or change the statute for which Appellant was convicted. Further, H.B. 86, Section 4 does not specifically include sexual battery as one of the offenses for which the legislation is to be applied retroactively.

**{¶12}** Accordingly, we find Appellant's argument the trial court was required to comply with the requirements of H.B. 86 in issuing Appellant's sentence herein is not well taken.

**{¶13}** The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912 set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard ." *Id.*

**{¶14}** The relevant sentencing law at the time of sentencing herein was controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006–Ohio–856 at ¶ 100, 845 N.E.2d 470, 498.

{¶15} Upon review of Appellant's sentence, the same is within the parameters for the offense and does not amount to an abuse of discretion. We find the record fails to demonstrate the trial court failed to give careful and substantial deliberation to the relevant statutory considerations.

{¶16} Appellant's sentence in the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :                   JUDGMENT ENTRY
                                       :
ANTHONY S. LITTLE                      :
                                       :
    Defendant-Appellant            :                   Case No. CT2011-0057


For the reason stated in our accompanying Opinion, Appellant's sentence in the

Muskingum County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE