[Cite as *State v. Dewitt*, 2012-Ohio-5162.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12-CA-35 |
| RYAN M. DEWITT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Common
                            Pleas Court, Case No. 11-CR-442


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     November 1, 2012


APPEARANCES:


For Plaintiff-Appellee               For Defendant-Appellant


KENNETH W. OSWALT                    DAVID A. SAMS
Licking County Prosecutor            Box 40
                                     W. Jefferson, Ohio 43162
By: TRACY F. VAN WINKLE
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, J.*

{¶1} Defendant-appellant Ryan Dewitt appeals his conviction and sentence entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On March 13, 2012, Appellant entered a plea of no contest to one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4). Prior to the plea, the state moved to amend the bill of particulars to reflect a sixty month maximum term rather than the thirty-six month term originally stated. The trial court granted the amendment. After accepting the plea, the trial court found Appellant guilty of the charge, and sentenced Appellant to a term of thirty-six months in prison, classifying him a Tier II sexual offender.

{¶3} Appellant now appeals, assigning as error:

{¶4} "I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS BY AN AMENDMENT OF THE BILL OF PARTICULARS CONTRARY TO OHIO LAW WHICH SUBJECTED HIM TO A GREATER MAXIMUM SENTENCE.

{¶5} "II. THE JUDGMENT IS BASED ON INSUFFICIENT EVIDENCE AND THE VERDICT WAS OTHERWISE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS.

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

{¶6} "III. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS BY A SENTENCE WHICH WAS CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

I.

{¶7} In the first assignment of error Appellant maintains he was denied due process of law when the State amended the bill of particulars subjecting him to a greater maximum sentence.

{¶8} Criminal Rule 7(E) states, in pertinent part,

{¶9} "(E) Bill of particulars

{¶10} "When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charged and of the conduct of the defendant alleged to constitute the offense. *A bill of particulars may be amended at any time subject to such conditions as justice requires."* (Emphasis added.)

{¶11} Here, the state moved to amend the bill of particulars prior to Appellant's entering his plea. Appellant did not object to the amendment. Furthermore, Appellant suffered no prejudice as his sentence did not exceed the thirty-six month term set forth in the original, unamended bill of particulars. Appellant has not demonstrated his plea was other than knowing, voluntary and intelligent. The State sentenced Appellant within the statutory range for the offense, and the parameters set forth in the bill of particulars.

{¶12} Appellant's first assignment of error is overruled.

II.

{¶13} In the second assignment of error, Appellant argues the judgment is based upon insufficient evidence and the verdict is against the manifest weight of the evidence.    Specifically, Appellant asserts the State's rendition of the facts during the plea hearing failed to allege he acted with a purpose to sexually gratify.

{¶14} In entering a plea of no contest, Appellant waives all but plain error.  *State v. Barnes,* 94 Ohio St.3d 21, 2002-Ohio-68.  Accordingly, there must be an error, which is an obvious defect in the trial proceedings, affecting a substantial right of the Appellant.  Id.    The burden of proving plain error falls upon Appellant, and he must demonstrate the outcome would have been different absent the error.

{¶15} In entering a plea of no contest, Appellant admitted to those facts in the indictment as true.  A criminal defendant who has pleaded no contest to a charge cannot later challenge his conviction on the grounds it was against the manifest weight of the evidence.  *State v. Jackson* Ninth App. Dist. Nos. 24463, 24501, 2009-Ohio-4336. The conviction following a no contest plea does not derive from evidence adduced at trial, but from the no contest plea itself, which is an admission of the truth of the facts alleged in the indictment.  *State v. Hall,* Second Dist. App. No. 23488. 2009-Ohio-6390. Therefore, a conviction based upon a no contest plea is not amenable to review on appeal to see whether it is against the manifest weight of the evidence.  Id.

{¶16} In *State v. Dereese,* Fifth App. No. 09CA11, 2009-Ohio-6725, this Court found, "a plea of no contest constitutes an admission of the facts alleged in the indictment and waives any argument concerning the sufficiency of the evidence."

**{¶17}** Assuming arguendo Appellant's argument was not waived by his plea of no contest, we find the trier of fact was free to infer Appellant's sexual motivation in making physical contact with the victim.

**{¶18}** Appellant's second assignment of error is overruled.

III.

**{¶19}** In the third assignment of error, Appellant asserts his sentence is contrary to law. Appellant maintains Ohio law required he be sentenced to the minimum term of twelve months in prison.

**{¶20}** Initially, we note, Appellant never entered an objection to the imposition of the thirty-six month prison sentence.

**{¶21}** Additionally, Appellant was sentenced within the range of terms for the offense charged, and cannot now demonstrate plain error.

**{¶22}** In *State v. Little*, Fifth App. Dist. No. CT2011-0057, 2012-Ohio-2895, this Court held,

**{¶23}** "As set forth above, Appellant entered a plea to sexual battery, in violation of R.C. 2907.03(A)(1). H.B. 86 did not amend or change the statute for which Appellant was convicted. Further, H.B. 86, Section 4 does not specifically include sexual battery as one of the offenses for which the legislation is to be applied retroactively.

**{¶24}** "Accordingly, we find Appellant's argument the trial court was required to comply with the requirements of H.B. 86 in issuing Appellant's sentence herein is not well taken.

**{¶25}** "The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912 set forth a two step process for examining felony sentences. The first step is

to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.' *Kalish* at ¶ 4. If this first step 'is satisfied,' the second step requires the trial court's decision be 'reviewed under an abuse-of-discretion standard.' *Id.*

**{¶26}** "The relevant sentencing law at the time of sentencing herein was controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. ' * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' 109 Ohio St.3d 1, 30, 2006–Ohio–856 at ¶ 100, 845 N.E.2d 470, 498.

**{¶27}** "Upon review of Appellant's sentence, the same is within the parameters for the offense and does not amount to an abuse of discretion. We find the record fails to demonstrate the trial court failed to give careful and substantial deliberation to the relevant statutory considerations."

**{¶28}** As in *Little*, the charge for which Appellant was sentenced was not enumerated within H.B. 86; therefore, pursuant to *Kalish,* supra, we find the trial court properly considered the principles and factors necessary in imposing the sentence herein. The sentence was within the statutory range for the offense. We find the trial court did not abuse its discretion in sentencing Appellant to the term imposed.

**{¶29}** The third assignment of error is overruled.

**{¶30}** The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur                          s/ William B. Hoffman_____
                                           HON. WILLIAM B. HOFFMAN


                                           s/ W. Scott Gwin_____
                                           HON. W. SCOTT GWIN


                                           s/ Sheila G. Farmer_____
                                           HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :                JUDGMENT ENTRY
                                                 :
RYAN M. DEWITT                                   :
                                                 :
    Defendant-Appellant                      :                Case No. 12-CA-35


For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER