[Cite as *State v. Ducker*, 2013-Ohio-3658.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2012CA00193 |
| | : | |
| JAMES N. DUCKER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County
                               Court of Common Pleas, Case
                               No. 2012CR0684




JUDGMENT:                       AFFIRMED




DATE OF JUDGMENT ENTRY:         August 12, 2013




APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

JOHN D. FERRERO, JR.                     KRISTINA SUPLER
STARK CO. PROSECUTOR                     Friedman & Frey, LLC
RONALD MARK CALDWELL                     1304 West 6th St.
110 Central Plaza S., Ste. 510           Cleveland, OH 44113
Canton, OH 44702-1413

*Delaney, J.*

{¶1}   Appellant James N. Ducker appeals from the June 22 and June 28, 2012 judgment entries of conviction and sentence in the Stark County Court of Common Pleas.  Appellee is the state of Ohio.  This case is related to *State v. Ducker*, 5th Dist. Stark No. 2012CA00192.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   On November 15, 2011, appellant was charged by indictment with one count of illegal use of a minor in a nudity-oriented material or performance [R.C. 2907.323(A)(1), a felony of the second degree)]; one count of unlawful sexual conduct with a minor [R.C. 2907.04(A), a felony of the third degree]; and one count of disseminating material harmful to juveniles [R.C. 2907.31(A)(1), a felony of the fifth degree].[1]   Appellant entered pleas of not guilty and a trial was scheduled for April 2012.  In the meantime, appellant was free on a personal recognizance bond.

{¶4}   During pretrial proceedings, appellant's original defense trial counsel moved to withdraw and appellant retained new counsel.  The trial date was continued to May 2012.

{¶5}   While the original case was pending, appellant was charged by indictment with one count of tampering with evidence [R.C. 2921.12(A)(2), a

---

[1] Stark County Court of Common Pleas case no. 2011CR1684.

felony of the third degree].[2]  Because appellant committed this offense while on bond in the original case, the trial court revoked appellant's bond on May 14, 2012 and appellant remained incarcerated during pretrial proceedings.

{¶6}  Also during the May 14, 2012 pretrial, defense trial counsel moved for a competency examination and appellant was ultimately found competent to stand trial.

{¶7}  On June 20, 2012, a change-of-plea hearing was held in both cases; the trial court addressed the original charges and the tampering with evidence charge simultaneously.  Appellant entered pleas of guilty as charged and was sentenced two days later to an aggregate prison term of eight years; appellant was also designated a Tier II sexual offender.  The trial court noted appellant's sentence as follows:  four years upon the count of count of illegal use of a minor in a nudity-oriented material or performance (Count I); 24 months upon the count of unlawful sexual conduct with a minor (Count II); 12 months upon the count of disseminating material harmful to juveniles (Count III); and 24 months on the count of tampering with evidence.  Counts 1 and 2 are to be served consecutively, and consecutive to the term of 24 months on the separate tampering offense.  Count III is to be served concurrently.

{¶8}  We permitted appellant to file a delayed appeal from the judgment entry of sentence and conviction but denied his motion to consolidate both appeals.  This opinion, therefore, addresses only appellant's appeal from the

---

[2] Stark County Court of Common Pleas case no. 2012CR0684.

sentence in the latter case, Stark County Court of Common Pleas case no. 2012CR0684.

{¶9}   Appellant raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶10} "I.   THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CONTRARY TO LAW AND IN VIOLATION OF THE APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO CONSIDER ADEQUATELY ALL THE STATUTORY FACTORS."

{¶11} "II.   THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHT TO COUNSEL UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

## ANALYSIS

{¶12} In his first assignment of error, appellant argues the trial court erred in sentencing him to a term of 24 months without making the statutory findings delineated in R.C. 2929.11 and R.C. 2929.12.  We disagree.

{¶13} Appellant did not object to the imposition of a 24-month sentence, admittedly was sentenced within the range of terms for the offense charged, and cannot now demonstrate plain error.  See, *State v. Dewitt*, 5th Dist. Licking No. 12-CA-35, 2012-Ohio-5162.   In *State v. Little,* Fifth Dist. Muskingum No. CT2011–0057, 2012–Ohio–2895, we held:

> As set forth above, Appellant entered a plea to sexual
>
> battery, in violation of R.C. 2907.03(A)(1). H.B. 86 did not

amend or change the statute for which Appellant was convicted. Further, H.B. 86, Section 4 does not specifically include sexual battery as one of the offenses for which the legislation is to be applied retroactively. Accordingly, we find Appellant's argument the trial court was required to comply with the requirements of H.B. 86 in issuing Appellant's sentence herein is not well taken.

The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912 set forth a two step process for examining felony sentences. The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.' *Kalish* at ¶ 4. If this first step 'is satisfied,' the second step requires the trial court's decision be 'reviewed under an abuse-of-discretion standard.' *Id.* The relevant sentencing law at the time of sentencing herein was controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. ' * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' 109

Ohio St.3d 1, 30, 2006–Ohio–856 at ¶ 100, 845 N.E .2d 470, 498.

Upon review of Appellant's sentence, the same is within the parameters for the offense and does not amount to an abuse of discretion. We find the record fails to demonstrate the trial court failed to give careful and substantial deliberation to the relevant statutory considerations.

{¶14} As in *Little,* supra, tampering with evidence, R.C. 2921.12(A)(2), the charge for which appellant was sentenced, was not enumerated within H.B. 86; therefore, pursuant to *Kalish,* supra, we find the trial court properly considered the principles and factors necessary in imposing the sentence herein. The sentence was within the statutory range for the offense.

{¶15} Nor does appellant's sentence constitute an abuse of discretion. Appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy*, 57 Ohio App.2d 153, 385 N.E.2d 1342 (1st Dist.1978). An abuse of discretion has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States*, 478 F.2d 139, 147(8th Cir.1973). The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Id., 478 F.2d at 143–145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the

trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. Id., 478 F.2d at 147.

{¶16} In this case, appellant's 24-month sentence is not so severe that it "shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants," and while we noted in the related companion case that the trial court did not make the required findings to impose consecutive sentences, in this case the record justifies the sentence imposed because appellant committed the offense while on bond.  We therefore decline to reverse the sentence.

{¶17} Appellant's first assignment of error is overruled.

II.

{¶18} In his second assignment of error, appellant argues he received ineffective assistance of counsel.  We disagree.

{¶19} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶20} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a

particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶21} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶22} Appellant asserts defense trial counsel should have requested a presentence investigation, should have filed a sentencing memorandum, and should have presented evidence to mitigate the sentence. Appellant cites to trial counsel's alleged "failure to create a thorough record" but fails to establish how the outcome of the sentencing hearing would have been different but for counsel's alleged deficiencies. We are unwilling to speculate the outcome would have been different and therefore find appellant did not receive ineffective assistance of counsel.

{¶23} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶24} Appellant's two assignments of error are overruled and the

judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J. concur,

Hoffman, J., concurs in

part and dissents in part.
yh

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN

*Hoffman, J., concurring in part and dissenting in part*

{¶25} I concur in the majority's analysis and disposition of Appellant's second assignment of error.

{¶26} I also concur in the majority's analysis and disposition of Appellant's first assignment of error as it pertains to the trial court's imposition of 24 months in prison. I dissent only as to the trial court's imposition of that sentence consecutively to the charges in Case No. 2011CR1684 in the absence of the requisite findings; thereby comporting with our decision in *State v. Ducker*, Stark County App. No. 2012CA00192.

_____
                                                    HON. WILLIAM B. HOFFMAN