[Cite as *State v. Coleman*, 2011-Ohio-2633.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25537 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL L. J. COLEMAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 12 3581 |

DECISION AND JOURNAL ENTRY

Dated: June 1, 2011

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** Michael Coleman broke into a church and into a teacher training center. Following a bench trial, the court convicted him of three counts of breaking and entering and sentenced him to 12 months in prison. Realizing that, with credit for time served, he would be released in December, the trial court extended his prison term to 18 months. We affirm the trial court's sentence because it did not abuse its discretion in increasing Mr. Coleman's sentence and because Mr. Coleman did not receive ineffective assistance of counsel.

## BACKGROUND

**{¶2}** Officer Karleton Starks and Officer Charles Artis responded to an alarm at a church. While Officer Starks performed a sweep of the property, Officer Artis set up a perimeter. Officer Artis testified that he noticed someone by the building next door and investigated. He found Mr. Coleman standing on a loading dock and escorted him to the police

cruiser. According to Officer Starks, Mr. Coleman told him that he had been there for about half an hour and was trying to get warm. Mr. Coleman was arrested and, later, released on bond.

{¶3} James Dyer, a custodian for the Akron Public Schools, testified that he reported for work one morning and found Mr. Coleman asleep on a couch. He testified that he also discovered the glass front door had been broken by a large rock. When he confronted Mr. Coleman, Mr. Coleman responded, "I'm cold, man." The police arrested Mr. Coleman, and Detective Steven Snyder interviewed him. Mr. Coleman told Detective Snyder that he was just looking for a place to sleep. Mr. Coleman had posted his bond from the church break-in the day before the teacher training center break-in.

SENTENCE

{¶4} Mr. Coleman's assignment of error is that the trial court abused its discretion in extending his sentence "on the sole basis that [he] is homeless." When reviewing felony sentencing, an appellate court must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is contrary to law. If the sentence is not contrary to law, it is then reviewed for an abuse-of-discretion. *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, at ¶4.

{¶5} Mr. Coleman has conceded that his sentence is not contrary to law. In his brief, he wrote that "it seems arguable that a trial court abuses its discretion in basing the term of imprisonment on appellant's homeless status and the desire to provide him with room and board." He has also noted that "[e]nhancing a sentence on such a basis may raise constitutional issues of due process and equal protection[,] . . . [but these issues] were not raised [at] the trial court [level][.]" Mr. Coleman has not cited any cases in support of his position.

{¶6} The overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*. Section 2929.11(B) requires that a sentence "be reasonably calculated to achieve the two overriding purposes of felony sentencing . . . commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Further, "[t]he sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes: . . . At the time of committing the offense, the offender was under release from confinement before trial or sentencing . . . ." R.C. 2929.12(D)(1).

{¶7} The trial court considered the facts before it, including that Mr. Coleman had committed both of his offenses in an attempt to find warm shelter. He committed one of the offenses while he was out on bond awaiting trial for the other one. The trial court realized that, if he served a 12 month sentence, he would be released at the beginning of winter, essentially setting up the same scenario that led to his convictions. In fact, Mr. Coleman's entire defense strategy was based on demonstrating that he committed his offenses out of necessity because he was in need of shelter due to the cold. Further, when the trial court asked Mr. Coleman if he preferred jail or probation, Mr. Coleman said that he wanted to go to jail.

{¶8} Accordingly, given Mr. Coleman's own stated preferences and the circumstances surrounding his offenses, the trial court's decision to have his sentence continue through the

winter in order to prevent new offenses was not unreasonable, arbitrary, or unconscionable. His first assignment of error is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

{¶9} Mr. Coleman's second assignment of error is that his trial lawyer was ineffective because he advocated a longer sentence for Mr. Coleman. In order to prevail on a claim of ineffective assistance of counsel, Mr. Coleman must demonstrate that "[his] counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Bradley*, 42 Ohio St. 3d 136, 142 (1989) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

{¶10} Mr. Coleman has argued that his lawyer's statement that a 12 month sentence "puts him back out in December, right [back] where we started" fell below an objective standard of reasonableness. He has not cited any cases to support his argument. Instead, through a string of questions, he has argued that, even if prison were an acceptable substitute for the social services available to the homeless, "the prudent attorney [would] require that his . . . client affirmatively state on the record that he . . . desires a longer prison term." He has also argued that, if his lawyer's representation was deficient, he clearly suffered prejudice in the form of a longer sentence.

{¶11} After the trial court found Mr. Coleman guilty, it stated, "the court is in a quandary with what to do with . . . Mr. Coleman. . . . I guess what I'd like to know before I sentence Mr. Coleman is a little bit more about him . . . because I'm just not confident that he's

going to be able to be successful on probation. That's my concern. He has no place to live and he's not going to be compliant. He may prefer to go to prison."

{¶12} When the trial court asked Mr. Coleman whether he preferred jail or probation, he responded that he wanted to go to jail. The trial court stated, "[a]ll right. . . . I don't want to set him up to fail[.]" Mr. Coleman's attorney told the trial court, "Well . . . I would just ask that the court give him a sentence that would probably outlast the winter." The trial court responded, "All right."

{¶13} The trial court then sentenced Mr. Coleman to 12 months in prison. Without prompting, it noted that, because of the time required for Mr. Coleman's competency evaluation, he would receive credit for over six months served. The trial court said, "I'm concerned. I'm wondering if maybe I should give him a little bit more time." Mr. Coleman's attorney responded, "Yeah, that puts him back out in December, right where we started."

{¶14} The trial court had proceeded directly to sentencing following the trial. Its statements during sentencing indicate that it realized that it had not considered the effect Mr. Coleman's credit for time served would have on the timing of his release. Mr. Coleman's lawyer's statement that a 12-month sentence returns him to the same situation that led to his offenses merely echoed the trial court's concerns. Prior to the statement at issue, the trial court had questioned whether it should give Mr. Coleman a longer sentence.

{¶15} Mr. Coleman has focused his arguments on his lawyer's statement concerning his December release and has not argued that his lawyer's earlier statements prejudiced him. Given all the facts surrounding Mr. Coleman's arrests and the trial court's expressed concern for Mr. Coleman's living situation, this Court cannot conclude that, but for Mr. Coleman's lawyer's

statement, there is a reasonable probability that his prison term would have been for less than 18 months. His second assignment of error is overruled.

CONCLUSION

**{¶16}** The trial court did not abuse its discretion when it sentenced Mr. Coleman to 18 months in prison, and he did not receive ineffective assistance of counsel. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
CONCURS

CARR, J.
<u>CONCURS IN JUDGMENT ONLY</u>


<u>APPEARANCES</u>:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.