JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Charles E. Smith, appeals his 36-month sentence, imposed after he pleaded guilty to the charges set forth in three cases. We affirm.
 {¶ 2} Smith was indicted in Case No. CR-476525 on one count of possession of drugs, a felony of the fourth degree. In Case No. CR-477066, Smith was indicted on a fourth degree felony count of receiving stolen property (a motor vehicle) and a fifth degree felony count of receiving stolen property (a license plate). In Case No. CR-493295, Smith was indicted on a fourth degree felony count of receiving stolen property (a motor vehicle).
 {¶ 3} Smith subsequently withdrew his previously entered not guilty pleas and pleaded guilty to all of the charges as indicted. Because of a medical emergency with his daughter, the court placed him on court-supervised release (CSR) until sentencing, but warned him that "obviously the degree to which you do well on CSR will affect your sentence on these other cases. So you can either do yourself a favor or do yourself harm." The court further warned Smith that his compliance with the release was "critical." Smith violated the terms of the release by failing to appear, and the release was terminated.
 {¶ 4} Smith was thereafter sentenced as follows: to the maximum 18-month sentence for the fourth degree felony possession of drugs conviction in Case No. CR-476525; to the maximum 18-month sentence for the fourth degree *Page 4 
felony receiving stolen property and the maximum 12-month sentence for the fifth degree receiving stolen property convictions, to be served concurrently, in Case No. CR-477066; and the maximum 18-month sentence for the fourth degree receiving stolen property conviction in Case No. CR-493295. Case No. CR-476525 was ordered to be served concurrently with Case No. CR-493295, and Case No. CR-477066 was ordered to be served consecutively with Case No. CR-493295. Thus, Smith was sentenced to a total of 36 months.
 {¶ 5} In his sole assignment of error, Smith contends that the sentence "was manifestly disproportionate to the offenses" and, therefore, contrary to law. We disagree.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court, in striking down parts of Ohio's sentencing scheme, held that trial courts have full discretion to impose a prison sentence within the statutory range and are not required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 7} Recently, in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, in a divided decision, the Supreme Court set forth how appellate courts are to review felony sentences after Foster. The court stated:
 {¶ 8} "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's *Page 5 
compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at ¶ 4.
 {¶ 9} The first prong of the analysis instructs that "the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Id. at ¶ 14.
 {¶ 10} The court explained that the applicable statutes to be applied by a trial court include the felony sentencing statutes R.C. 2929.11 and2929.12, because, unlike R.C. 2929.14, they are not fact-finding statutes. Id. at ¶ 17. Therefore, as part of its analysis of whether the sentence is "clearly and convincingly contrary to law," an appellate court must ensure that the trial court considered the purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12.
 {¶ 11} Applying the first prong of the analysis to the underlying case, the Kalish court concluded that the trial court's sentence was not "clearly and convincingly contrary to law," because (1) the trial court "expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors *Page 6 
listed in R.C. 2929.12," (2) it properly applied postrelease control, and (3) the sentence was within the permissible range. Id. at ¶ 18.
 {¶ 12} If the first prong is satisfied, that is, the sentence is not "clearly and convincingly contrary to law," the appellate court must then engage in the second prong of the analysis, which requires an appellate court to determine whether the trial court abused its discretion in selecting a sentence within the permissible statutory range. Id. at ¶ 17. The court explained the effect of R.C. 2929.11 and2929.12 in this regard:
 {¶ 13} "R.C. 2929.11 and 2929.12 *** serve as an overarching guide for the trial judge to consider in fashioning an appropriate sentence. In considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12
explicitly permits trial courts to exercise their discretion in considering whether its sentence complies with the purposes of sentencing. It naturally follows, then, to review the actual term of imprisonment for an abuse of discretion." Kalish at ¶ 17.
 {¶ 14} Applying the second prong of the analysis to the underlying case, the court noted that the trial court "gave careful and substantial deliberation to the relevant statutory considerations," and that "there is nothing in the record to suggest the trial court's decision was unreasonable, arbitrary, or unconscionable." Id. at ¶ 20. *Page 7 
 {¶ 15} Here, the trial court considered R.C. 2929.11 and 2929.12, stating that it looked "at the purposes and principles of sentencing under Revised Code Section 2929.11, and also *** at the seriousness and recidivism factors in sentencing guidelines under Sections 2929.12 and2929.13." The court explained its pertinent considerations under the statutes, namely, the following: Smith has an extensive criminal record; he has had several probation violations; he was under postrelease control when the offenses set forth in Case Nos. CR-477066 and CR-493295 were committed; according to the presentence report, Smith did not show genuine remorse, and denied committing two of the offenses; and, although, there are serious mental health issues involved, Smith's extensive criminal history suggests a high likelihood of recidivism. The court concluded that "a prison sentence is necessary in order to protect the public and not demean the seriousness of the offenses." The trial court therefore considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12.
 {¶ 16} The court also properly applied postrelease control.[1]
Moreover, the sentence was within the permissible range for fourth and fifth degree felonies. See R.C. 2929.14(A)(4) and (5). Accordingly, the first step under Kalish was satisfied, and we now consider whether the trial court abused its discretion in sentencing Smith. *Page 8 
 {¶ 17} As already stated, the record reflects that the trial court gave careful and substantial deliberation to the relevant statutory considerations. Those considerations included Smith's extensive criminal background, numerous parole violations, denial of some of the crimes, and lack of genuine remorse. On this record, the trial court did not abuse its discretion in sentencing him to 36 months.
 {¶ 18} Finally, we disagree with Smith's contention that the sentence was "manifestly disproportionate to the offenses [he] committed." We have previously declined to compare a particular defendant's sentence with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality. State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341, citing State v. Vlahopoulos, Cuyahoga App. No. 80427, 2002-Ohio-3244. Smith fails to demonstrate gross disproportionality of his sentence.
 {¶ 19} In light of the above, Smith's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Smith was sentenced to three years postrelease control. See R.C. 2967.28(C). *Page 1