[Cite as *State v. Windham*, 2011-Ohio-3326.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :          JUDGES:
                                       :          Hon. William B. Hoffman, P.J.
        Plaintiff-Appellee             :          Hon. Sheila G. Farmer, J.
                                       :          Hon. Julie A. Edwards, J.
-vs-                                   :
                                       :
JA'BRELL WINDHAM                       :          Case No. 10CA137
                                       :
        Defendant-Appellant            :          O P I N I O N



CHARACTER OF PROCEEDING:               Appeal from the Court of Common Pleas,
                                       Case No. 10CR488



JUDGMENT:                              Affirmed



DATE OF JUDGMENT ENTRY:                June 29, 2011



APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JILL M. COCHRAN                        JOHN A. BOYD
38 South Park Street                   3 North Main Street
Mansfield, OH  44902                   Suite 505
                                       Mansfield, OH  44902

*Farmer, J.*

{¶1}  On August 6, 2010, the Richland County Grand Jury indicted appellant, Ja'Brell Windham, on two counts of domestic violence in violation of R.C. 2919.25, one count of interference with custody in violation of R.C. 2919.23, one count of menacing by stalking in violation of R.C. 2903.211, and one count of aggravated burglary in violation of R.C. 2911.11.  Said charges arose from incidents involving appellant and Jennifer Lacy, the mother of his child.

{¶2}  On September 23, 2010, appellant pled guilty to one count of domestic violence and an amended count of burglary.  The remaining charges were dismissed. By sentencing entry filed November 2, 2010, the trial court sentenced appellant to the maximum on each count, eighteen months, to be served consecutively for a total sentence of three years in prison.

{¶3}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}  "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO IMPOSE THE MINIMUM AUTHORIZED SENTENCE AND IMPOSED THE MAXIMUM, CONSECUTIVE SENTENCE UPON JA'BRELL WINDHAM FOR THE COMMISSION OF DOMESTIC VIOLENCE, F-4, AND BURGLARY, F-4, BECAUSE OHIO REVISED CODE (R.C.) 2929.14(B) MANDATES THE IMPOSITION OF THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSES, BECAUSE R.C. 2929.14(C) PROHIBITS THE IMPOSITION OF A MAXIMUM PRISON TERM FOR THE

OFFENSES, AND BECAUSE R.C. 2929.14(E)(4) PROHIBITS THE IMPOSITION OF CONSECUTIVE PRISON TERMS UNDER THE CIRCUMSTANCES OF THIS CASE."

I

{¶5} Appellant claims the trial court erred in sentencing him. Specifically, appellant claims the trial court erred in sentencing him to maximum sentences and ordering them to be served consecutively. We disagree.

{¶6} In reviewing a sentence, appellate courts must apply a two-step approach:

{¶7} "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, ¶4.

{¶8} Pursuant to *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, ¶100, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Appellant pled guilty to two felony counts in the fourth degree. Felonies of the fourth degree are punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). Appellant was sentenced to eighteen months on each count, within the permissible statutory range and therefore not contrary to law.

{¶9} During sentencing, trial courts are to consider the factors set forth in R.C. 2929.11 and 2929.12 which state the following in pertinent part:

{¶10} "[R.C. 2929.11] (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶11} "[R.C. 2929.12] (A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶12} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

{¶13} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

{¶14} "(6) The offender's relationship with the victim facilitated the offense.

{¶15}  "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

{¶16}  "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

{¶17}  "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

{¶18}  "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

{¶19}  "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised

Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions."

{¶20} The trial court held a sentencing hearing on November 1, 2010 wherein it clearly considered the statutory factors. T. at 6-10. See also, Sentencing Entry filed November 2, 2010. In determining appellant's sentence, the trial court found the following:

{¶21} "THE COURT: In this particular case, Mr. Windham, on June the 23rd, again on June the 25th, again on June the 28th, again on July the 12th you assaulted or harassed the mother of your child, choking her, threatening her, and on June 23rd ripping the child from her. You apparently have a child together, although you had no rights to visitation with the child. The police ultimately had to recover the child through your mother. You have the idea that you own her, you have the right to regulate who she sees, and that she has no right to associate with anybody other than you.

{¶22} "You have a terrible prior record. It starts at age fifteen, carrying a concealed weapon on school premises, two convictions for gross sexual imposition. If you had been an adult all these would have been felonies. Criminal trespass, receiving stolen property two times, weapons in school, failure to comply with the order or signal of a police officer, running from police officer in a high speed chase, two of those convictions, assault, vehicular trespass, four probation violations showing that you have a very great difficulty abiding by probation conditions.

{¶23} "As an adult, five disorderly conduct convictions, petit theft, menacing with the same victim in 2009, obstructing official business.

{¶24} "You're on municipal probation for some of those things at the present time, and let me read what your probation officer says in municipal court about you.

{¶25} " ' The offender is on municipal probation with Officer Jerry Snay.  This officer spoke with Officer Snay on September 28th.  Snay reported that the offender does not report, continues to be charged with new offenses, does not comply with curfew.  Officer Snay reported that the offender may be released soon from Richland County Jail.  Snay is afraid what the offender may do to the victim upon his release.' That's what your probation officer says about you.

{¶26} "In addition, you've had repeated efforts to contact the victim despite my instructions of no contact.  I can't control what she does, but I can certainly control what you do, and you are not willing to abide by my instructions or control.

{¶27} "***

{¶28} "All this information about you, and what you have done, Mr. Windham, speaks far louder than that little paper that you read to me.  You are not trustworthy to be on probation.

{¶29} "***

{¶30} "Mr. Windham, your record of criminal offenses without change shows that you are not - - you continue to have a felony record, a juvenile record, you are not affected by what you have done.  You are willing to do serious, physical and emotional harm to your victim."  T. at 6-10.

{¶31} Based upon the trial court's findings, appellant has a long history of criminal conduct including violence, being uncooperative with police, failing to abide by the conditions of his probation, and disregarding court orders, including repeated

violations of the trial court's no contact order with the victim.  Clearly appellant is a high risk for recidivism and there is a need to protect the public as well as the victim from further crimes.

{¶32}  Upon review, we find the trial court did not err in sentencing appellant to the maximum sentences and ordering them to be served consecutively.

{¶33}  The sole assignment of error is denied.

{¶34}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ Julie A. Edwards_____

JUDGES

SGF/sg 609

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :
                                                 :
-vs-                                             :              JUDGMENT ENTRY
                                                 :
JA'BRELL WINDHAM                                 :
                                                 :
    Defendant-Appellant                          :              CASE NO. 10CA137

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.

   _s/ Sheila G. Farmer_____

   _s/ William B. Hoffman_____

   _s/ Julie A. Edwards_____

              JUDGES