[Cite as *State v. Hill*, 2012-Ohio-2531.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. CT2011-0063 |
| ROBERT L. HILL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  CR2011-0135


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 7, 2012


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

D. MICHAEL HADDOX                   DAVID A. SAMS
PROSECUTING ATTORNEY                Box 40
RON WELCH                           West Jefferson, Ohio  43162
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio  43701

*Wise, J.*

{¶1}    Defendant-appellant Robert L. Hill appeals his sentence and conviction on one count of robbery following a guilty plea in the Muskingum County Court of Common Pleas.

{¶2}    Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3}    On June 1, 2011, Defendant-Appellant Robert Hill was indicted on one count of Robbery, a felony of the second degree; one  count of Theft, a felony of the fourth degree; and one count of Possession of Criminal Tools, a felony of the fifth degree.

{¶4}    On October 5, 2011, pursuant to a negotiated plea agreement, Appellant entered a plea of guilty to an amended charge of Robbery, a felony of the third degree. In exchange, the State agreed to Nolle the remaining two charges.

{¶5}    At the sentencing hearing on November 7, 2011, the trial court sentenced Appellant to five (5) years in prison.

{¶6}    Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶7}    "I. THE DEFENDANT-APPELLANT WAS SENTENCED TO A 60-MONTH PRISON TERM UNDER R.C. 2929.14(A)(3)(a) IN VIOLATION OF OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS. "

## I.

{¶8}    In his sole Assignment of Error, Appellant argues that the trial court erred in sentencing.  We disagree.

**{¶9}** "It is well-established that a sentence that is agreed upon as part of a negotiated plea, and that does not exceed the statutory maximum sentence applicable to the crime, is not subject to appellate review pursuant to R.C. § 2953.08(D)." *State v. Yeager,* Carroll App.No. 03CA786, 2004–Ohio–3640, ¶ 21 (additional citations omitted).

**{¶10}** However, in the case sub judice, the record indicates that the plea agreement did not include a recommended sentence; instead, the parties agreed that the case would be referred for a presentence investigation. At the sentencing hearing, the State asked for the full sixty months. (T. at 3-4). Defense counsel asked the court to consider a positional thirty-six month prison sentence. (T. at 5). In these circumstances, we find Appellant has not waived his right to challenge his sentence upon direct appeal.

**{¶11}** We begin our analysis with the premise that the trial court has wide discretion to sentence an offender within the allowable statutory range permitted for a particular degree of offense. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856. R.C. §2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the two purposes set forth in R.C.§ 2929.11(A): commensurate with and not demeaning to the seriousness of the crime and its impact on the victim and consistent with sentences imposed on similarly-situated offenders. The court must also consider the seriousness and recidivism factors under R.C. §2929.12.

**{¶12}** However, R.C. §2929.11 and §2929.12 do not mandate judicial fact-finding. Rather, "[t]he court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. Thus, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. §2929.11 and the statutory * * * factors set forth in R.C.§2929.12."

*State v. Sutton,* 8th Dist. No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* 11th Dist. No.2006–L–185, 2007–Ohio–3013, ¶ 44.

**{¶13}** Subsequent to *Foster,* in a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.*

**{¶14}** In *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, the Ohio Supreme Court recently held, at paragraph two of the syllabus, that the United States Supreme Court's decision in *Oregon v. Ice,* 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, did not revive Ohio's former consecutive-sentencing statutory provisions, R.C. §2929.14(E)(4) and §2929.41(A), which were held unconstitutional in *Foster* and imposed no fact-finding obligation on Ohio's trial courts. *Id.* at ¶ 39.

**{¶15}** The General Assembly recently amended R.C. §2929.14(C)(4) and enacted new language requiring fact-finding for consecutive sentences. Am.Sub.H.B. No. 86. This legislation became effective September 30, 2011.

**{¶16}** Subsequent to H.B. 86, R.C. 2929.14(A)(3)(a) provides for a 60 month sentence for F-3 offenders who have 2 or more prior burglary convictions. Without priors, the F-3 maximum sentence is 36 months under R.C. 929.14(A)(3)(b).

**{¶17}** Appellant herein argues that because he was sentenced subsequent to the effective date of H.B. 86, the State was required to specify Appellant's prior burglary convictions in the indictment to enhance the offense.

**{¶18}** Upon review, we find no error in the indictment as such was filed June 1, 2011, prior to the effective date of H.B. 86, and charged Appellant with a violation of second degree felony. It was only pursuant to the negotiated plea agreement that Appellant was offered a reduced charge to third degree felony.

**{¶19}** Furthermore, a review of the transcript from the plea hearing reveals that that Appellant, the State and the trial court were all aware of Appellant's two prior burglary convictions and knew that such priors would be a factor in sentencing. (Plea T. at 4).

**{¶20}** Based on the above facts and the record herein, we find no error in the indictment in this matter and further find that the trial court did not abuse its discretion in sentencing Appellant to 60 months in prison.

**{¶21}** Appellant's sole Assignment of Error is overruled.

**{¶22}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Hoffman, J., concur.



_____

_____

_____

JUDGES

JWW/d 0529

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                             :
                                          :
    Plaintiff-Appellee               :
                                          :
-vs-                                      :               JUDGMENT ENTRY
                                          :
ROBERT L. HILL                            :
                                          :
    Defendant-Appellant              :               Case No. CT2011-0063


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

                JUDGES