[Cite as *State v. White*, 2014-Ohio-1392.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| THOMAS WHITE | : | Case No. CT2013-0034 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2013-0020


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    March 27, 2014


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

ROBERT L. SMITH    ERIC J. ALLEN
Assistant Prosecuting Attorney    713 South Front Street
27 North Fifth Street    Columbus, OH 43206
Zanesville, OH 43701

*Baldwin, J.*

{¶1}     Appellant Thomas White appeals a judgment of the Muskingum County Common Pleas Court convicting him of one count of perjury (R.C. 2921.11(A)) upon a plea of guilty and sentencing him to 30 months incarceration.  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2}     On January 30, 2013, appellant was indicted by the Muskingum County Grand Jury with one count of perjury.  He entered a guilty plea on April 29, 2013.

{¶3}     The case proceeded to a sentencing hearing on June 10, 2013.  At the hearing, counsel asked that appellant's sentence be imposed concurrent to the sentence he was already serving on other charges.  The court asked appellant if he had anything he wanted to say in his own behalf.  Appellant replied, "I'm sorry for lying under oath, and I was worried about my family."  Sent. Tr. 4.

{¶4}     The court stated that it had reviewed the presentence investigation.  The court also noted that the perjury took place during the trial of a man charged with several serious crimes, including shooting appellant.  The court sentenced appellant to a term of incarceration of 30 months, to be served consecutive to all the other sentences appellant was currently serving.

{¶5}     Appellant assigns a single error on appeal:

{¶6}     "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO THIRTY MONTHS IN PRISON."

{¶7}     The Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008– Ohio–4912, 896 N.E.2d 124, set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. If this first step is satisfied, the second step requires that the trial court's decision be reviewed under an abuse of discretion standard. *Id.* An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.   *Id.* at ¶19.

{¶8}     Appellant concedes that his 30-month sentence is not contrary to law, as R.C. 2929.14(A)(3) provides for a maximum sentence of 36 months.  Appellant argues that the sentence is an abuse of discretion.  He admits that the record is scant in regards to his fear for his family when he testified falsely in the earlier trial, but argues that the court failed to take that fear into consideration as mitigation.  He also cites to other cases from this district where defendants were sentenced to less than 30 months for perjury.

{¶9}     Appellant has not demonstrated that the court abused its discretion in sentencing him to 30 months incarceration.  The judge stated on the record that he had reviewed the presentence investigation report.  The court noted on the record that appellant had lied on the stand during a trial of a man charged with several serious crimes, including shooting appellant.  Although appellant stated that he was worried for his family, the record does not demonstrate why appellant was concerned for his family or how his concern was connected to his perjured testimony.  The record does not

support appellant's claim that the court abused its discretion in sentencing him to 30 months incarceration.

The assignment of error is overruled.  The judgment of the Muskingum County Common Pleas Court is affirmed.  Costs are assessed to appellant.


By: Baldwin, J.

Hoffman, P.J. and

Farmer, J. concur.