[Cite as *State v. Wiley*, 2011-Ohio-3257.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95620

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LARRY WILEY

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529987

**BEFORE:**    Sweeney, P.J., Keough, J., E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    June 30, 2011

**ATTORNEY FOR APPELLANT**

Brian R. McGraw, Esq.
1370 Ontario Street, Suite 2000
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Anne McDonough, Esq.
Eighth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶ 1} Defendant-appellant Larry Wiley ("defendant") appeals his 14-year prison sentence for two counts of felonious assault. After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} On June 7, 2010, defendant pled guilty to two counts of felonious assault, in violation of R.C. 2903.11(A)(1), which are second degree felonies punishable by between two and eight years in prison. On July 8, 2010, the court sentenced defendant to eight years in prison on the first count and six years in prison on the second count, to run consecutively, for an aggregate of 14 years in prison.

{¶ 3} Defendant appeals and raises one assignment of error for our review.

{¶ 4} "I. Larry Wiley's sentence of 14 years was excessive and an abuse of discretion."

{¶ 5} The Ohio Supreme Court set forth the standard for reviewing felony sentencing in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. See, also, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *Kalish*, in a plurality decision, holds that appellate courts must apply a two-step approach when analyzing alleged error in a trial court's sentencing. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at ¶4. Additionally, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶39, the Ohio Supreme Court held that "trial judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences * * *."

**{¶ 6}** Defendant concedes that his sentence is within the statutory range for second degree felonies. R.C. 2929.14(A)(2). Defendant argues, however, that the court abused its discretion by using the sentence for the assault of the second victim to punish defendant for the more severe assault of the first victim.

**{¶ 7}** At defendant's sentencing hearing, it was established that the victims of the assaults were a woman and her 11-year-old son, who were walking down a street on the day of the offense. Defendant allegedly jumped out from behind bushes and beat the woman in the head and face with a large stick. When the son tried to defend his mother, who was on the ground unconscious, defendant began to beat the boy, breaking two of the boy's fingers. After the assault, the woman received phone calls and letters from defendant, threatening her not to prosecute. As a result of the assault, the woman has trouble sleeping and suffers from chronic headaches that, at times, require hospitalization and a "powerful cocktail [of] drugs." The woman continues to fear defendant and is afraid to leave her children at home, "thinking he's going to come back and hurt them."

**{¶ 8}** Defendant, who is mentally ill, stated to the court that he was not taking his medication when the assaults occurred, and he has no recollection of the events because he "had a blackout" at the time.

**{¶ 9}** In sentencing defendant, the court stated that it "considered all relevant seriousness and recidivism factors, overriding purposes and principles of felony sentencing

aimed at protecting the public from future crimes and to punish the defendant." The court found that defendant had a history of committing violent crimes and had served multiple prison terms, including a seven-year sentence for aggravated robbery with a firearm. The court found that, in the instant case, defendant charged at the victim and struck her with a large stick, splitting her face open. Defendant continued to beat her unconscious in front of her children, then assaulted the victim's son after he tried to protect his mother.

{¶ 10} Upon review, we find that the court acted within its discretion in sentencing defendant to the maximum term of eight years in prison for assaulting the woman, to run consecutive to six years in prison for assaulting her 11-year-old son. Defendant's sole assignment of error is overruled.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Judgment affirmed.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR