Grady, Presiding Judge,
dissenting.
{¶ 54} The presentence investigation report prepared for the trial court in this case reveals that the two victims were 15 years of age. Had they been 16, defendant’s conduct would not have been criminal. Defendant used alcohol to entice the victims, but there is no evidence that he used force. His conduct was planned, not merely opportunistic. The report fails to reflect that the victims suffered physical or psychological injuries as a result of defendant’s conduct. Defendant expressed remorse.
{¶ 55} Leopard was charged with six counts of unlawful sexual conduct with a minor, R.C. 2907.04. As charged, the offenses are third-degree felonies because Leopard was ten years older than the victim. R.C. 2907.04(B)(3). Third-degree felonies are punishable by prison terms of one, two, three, four, or five years. R.C. 2929.14(A)(3).
{¶ 56} The state dismissed counts one, two, four, and five in exchange for defendant’s pleas of guilty to counts three and six. His plea exposed Leopard to a maximum punishment of ten years, should maximum five-year sentences be imposed consecutively.
{¶ 57} R.C. 2929.14(B) states that the sentencing court “shall impose the shortest prison term authorized for the offense” unless (1) the offender was *510 previously convicted of a felony offense or (2) the shortest term “will demean the seriousness of the offender’s conduct or will not adequately protect the public from future crime by the offender or others.”
{¶ 58} Leopard was a first offender. Instead of the shortest one-year prison term for each of his two offenses, the trial court imposed a four-year sentence for each, one year less than the maximum, to be served consecutively, for an aggregate term of eight years.
{¶ 59} The court stated that it considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. There is little if any basis to find a higher risk of recidivism, and the court mentioned none. The court was instead concerned with the seriousness of the two offenses, citing defendant’s use of alcohol and that he had engaged in a pattern of criminal conduct involving the victims “over a couple of months, maybe even three months.”
{¶ 60} The matters to which the court referred are sufficiently serious to elevate defendant’s sentences above the one-year minimum term that R.C. 2929.14(B) prescribes. However, they are not sufficiently serious to quadruple that minimum in each case, and then to double the quadruple by running the sentences consecutively.
{¶ 61} R.C. 2929.14(E)(4) sets out the criteria for imposing consecutive sentences. Consecutive service must be necessary to protect the public from future crime or to punish the offender and not disproportionate to the seriousness of the crime or the danger that the offender poses to the public. Also, when the offenses were committed as part of the same course of conduct, “the harm caused by two or more of the multiple offenses (must have been) so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender’s conduct.”
{¶ 62} The state recommended consecutive sentences, saying that if consecutive sentences are not imposed, Leopard would get a “free pass” for one of his two offenses. That consideration appears nowhere in R.C. 2929.14(E)(4).
{¶ 63} For the court, the most compelling reason to impose consecutive four-year sentences is in its statement: “I think the defendant got a tremendous break or was shown tremendous leniency from the State of Ohio when the State dismissed four of the counts because I don’t think it was an issue of not being able to prove that.”
{¶ 64} R.C. 2929.11 and 2929.12 are in accord with the basic philosophy of considering not only the offender’s particular conduct but also his character when imposing a sentence. Other matters relevant to one or both may also be considered, and that approach has withstood due-process and-double jeopardy *511 challenges. However, the cases offer no support for imposing a greater sentence merely because the offender escaped punishment for other crimes on account of a plea bargain. The court may consider the conduct those other crimes involved, but not the fact that the offender was not punished for them as a basis to impose a greater sentence. Notably, that particular consideration appears nowhere in R.C. 2929.11 or 2929.12.
{¶ 65} The Supreme Court did unintended injury to the sentencing policies the General Assembly adopted in S.B. 2 when, in State v. Foster, 109 Ohio St.8d 1, 2006-Ohio-856, 845 N.E.2d 470, the court said that judges are “free” to impose any sentence within the available range and, in State v. Hodge, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, that the power to impose consecutive sentences is “inherent” in the court. Judges have read those holdings as authorization to put aside the statutory policies on sentencing and instead to enforce their own subjective views.
{¶ 66} Even when a sentence is within the available range, courts may not abuse their discretion in choosing the sentence to impose. State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. I find an abuse of discretion in this case. I would modify the sentences to four years concurrent and affirm as modified.