[Cite as *State v. Bovenzi*, 2012-Ohio-2303.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### Nos. 97271 and 97272

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL BOVENZI

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-552022 and 552321

**BEFORE:** Keough, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, OH 44119


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Terese M. McKenna
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In these consolidated appeals, defendant-appellant, Michael Bovenzi, appeals from the trial court's judgments finding him guilty of three theft-related fifth degree felonies and sentencing him to 22 months in prison. Bovenzi contends that his guilty pleas were not knowingly, voluntarily, and intelligently made and that the 22-month aggregate prison term imposed in the two cases was an abuse of the trial court's discretion. For the reasons that follow, we affirm.

{¶2} In Case No. CR-552022, Bovenzi entered guilty pleas to attempted grand theft and misuse of a credit card with an elderly victim, both fifth degree felonies. In Case No. CR-552321, Bovenzi pled guilty to receiving stolen property, also a fifth degree felony.

{¶3} The trial court subsequently sentenced Bovenzi in Case No. CR-552022 to 11 months incarceration on each count, to run concurrently. In Case No. CR-552321, the court sentenced Bovenzi to 11 months incarceration to run consecutive to the sentence in Case No. CR-552022, for an aggregate term of 22 months.

{¶4} Bovenzi first contends that his pleas were not knowingly, voluntarily, and intelligently made because the trial court improperly informed him during the plea colloquies of "bad time," which no longer exists under Ohio law. The provisions of

Ohio law authorizing "bad time" — the Parole Board's authority to extend an inmate's prison term for violations of prison rules — were declared unconstitutional by the Ohio Supreme Court in 2000. *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132,729 N.E.2d 359 (2000). The statute that authorized bad time (R.C. 2967.11) was repealed by the legislature in 2009. Bovenzi argues that his pleas cannot be considered knowing, voluntary, or intelligent when there is such a "gross misunderstanding" of the law.

**{¶5}** Our review of the plea colloquies fails to support Bovenzi's argument because the trial court made no mention of "bad time" during the plea colloquies. Although the court made an apparent reference to "bad time" at sentencing, this advisement had no effect on the entry of Bovenzi's guilty pleas. Bovenzi's first assignment of error is therefore overruled.

**{¶6}** In his second assignment of error, Bovenzi contends that the trial court abused its discretion in imposing a 22-month aggregate prison sentence.

**{¶7}** We review felony sentences under the standard set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision is then reviewed under an abuse-of-discretion standard.

**{¶8}** Bovenzi makes no argument that the trial court failed to comply with the applicable rules and statutes in imposing his sentence or that his sentence is contrary to

law.   Rather, he argues that the trial court abused its discretion in imposing a 22-month prison sentence for his "low-level, non-violent crimes" because there were other sentencing options the trial court could have imposed (such as community control) that would have been much cheaper for the state of Ohio than imprisonment.

{¶9} We find no abuse of discretion.   After reviewing the presentence investigation report, the trial court noted at sentencing that Bovenzi had violated probation every time he had been placed on probation in the past.   The court also found that he had a high risk assessment, had failed to express any remorse for his crimes, and that his probation report was "not complimentary."   As Bovenzi has repeatedly demonstrated that he cannot adhere to the terms of community control, the trial court did not abuse its discretion in imposing a 22-month prison sentence.   Appellant's second assignment of error is therefore overruled.

{¶10} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR