[Cite as *State v. Stein*, 2012-Ohio-2502.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   97395

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT STEIN

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545011

**BEFORE:**   Boyle, P.J., S. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   June 7, 2012

**ATTORNEYS FOR APPELLANT**

Anne B. Walton
Ian N. Friedman
Gregory A. Gentile
Ian N. Friedman & Associates, L.L.C.
1304 West 6th Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY: Jesse W. Canonico
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Robert Stein, appeals his ten-year sentence.[1] He raises three assignments of error for our review:

"[1.] The defendant-appellant's right to due process of law as guaranteed by Article I, Section 10 of the Ohio State Constitution and the Fourteenth Amendment to the United States Constitution was violated when he was sentenced to consecutive prison terms totaling ten years.

"[2.] The trial court abused its discretion when it sentenced the defendant-appellant to ten years in prison, because the sentence was grossly disproportionate to that imposed for other, similar offenders.

"[3.] The trial court abused its discretion by considering prejudicial matters outside the record when imposing a sentence."

{¶2} Finding no merit to his arguments, we affirm.

### Procedural History and Factual Background

{¶3} In December 2010, Stein was indicted on 102 counts relating to child pornography. In August 2011, he pleaded guilty to one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2), 54 counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1), 24 counts of illegal use of a minor in nude material or performance in

---

[1]Stein was sentenced before the effective date of H.B. 86.

violation of R.C. 2907.323(A)(1), and one count of possessing criminal tools in violation of R.C. 2923.24(A). All counts included a forfeiture specification.

{¶4} The trial court sentenced Stein to an aggregate sentence of ten years: five years for Count 1, pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2); five years on each of the 54 counts (Counts 2-55) of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1), concurrent to one another, but consecutive to Count 1; five years on each of the 24 counts (Counts 56-79) of illegal use of a minor in nude material or performance in violation of R.C. 2907.323(A)(1), concurrent to one another and concurrent to all other counts; and one year for possessing criminal tools, concurrent to all other counts. The trial court further ordered Stein to forfeit two cameras, a cell phone, a computer tower, 65 hard drives, a mouse, a keyboard, and miscellaneous CDs and DVDs. The trial court also notified Stein that he would be subject to five years of mandatory postrelease control upon his release from prison and that he was labeled a Tier II sex offender.

{¶5} It is from this judgment that Stein appeals.

### Standard of Review

{¶6} This court reviews felony sentences under the two-prong test set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Under the first prong, we review whether the trial court complied with all applicable rules and statutes to determine if the sentence is clearly and convincingly contrary to law. *Id.* at ¶ 4. If the

first prong is satisfied, then we review the trial court's decision for abuse of discretion. *Id.*

## Ten-Year Prison Sentence

**{¶7}** In his first assignment of error, Stein contends that the trial court erred when it sentenced him to a more-than-the-minimum prison term and sentenced him to consecutive terms. Stein acknowledges that a trial court no longer has to provide its reasons for imposing a sentence that is more than the minimum or is consecutive, but he nonetheless argues that the trial court "failed to provide sufficient reasoning in its determination." He maintains that the question in this case is not whether a ten-year sentence is excessive in a child pornography case, but whether it is excessive for him, given the fact that he "without question differentiated himself from all other[s] by engaging in a regimen of treatment that could not be surpassed." Stein asserts that for him, ten years "was not only unnecessary and excessive but actually counterproductive."

**{¶8}** Stein's sentence of ten years was clearly not contrary to law. As the trial court indicated, it could have sentenced Stein to over 600 years in prison. Thus, under the second prong of *Kalish*, we must determine if the trial court abused its discretion in sentencing Stein to ten years in prison.

**{¶9}** Before sentencing Stein, the trial court obtained a presentence investigation report ("PSI") and a psychological report. The trial court heard testimony from Dr. Michael Aronoff, the court's chief of psychology. Dr. Aronoff testified that Stein had depressive disorder not otherwise specified and anxiety disorder. Dr. Aronoff stated that

Stein "scored positively" on the ABEL assessment, meaning he "has a significant sexual interest in adolescent and adult females," which meant that he scored normal for heterosexual men. But Dr. Aronoff further stated that Stein was a "possible pedophile" because of the act of viewing child pornography occurring over a period of time and the "clinical distress that it caused him."

{¶10} The trial court further heard from defense counsel, Stein, Stein's wife, and a family friend. Defense counsel explained how Stein immediately sought help after being arrested. Stein obtained individual therapy from a counselor, who also submitted a glowing letter to the court regarding Stein's progress over the period of his treatment. Stein attended more than 170 meetings for sexual addicts and had obtained a "one-year token of sobriety." And Stein had been gainfully employed and had the support of his wife and many family and friends, as evidenced by 19 letters from friends and family, as well as Stein's wife's testimony at the sentencing hearing.

{¶11} The trial court expressly stated that it considered the purposes and principles of felony sentencing, as well as the factors listed in R.C. 2929.12. And although it did not have to, the trial court expressly discussed the R.C. 2929.12 factors. When considering whether Stein's conduct was more serious than conduct normally constituting the offense, the trial court found that the "physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim." Specifically, the trial court stated, "when I refer to victim, I, of course, refer to for example the three-year old child with a penis

draped all over her in video number 279, the 48 minute video, and among the other victims that we saw[.]"

{¶12} The trial court found that the victims "suffered serious physical, psychological or economic harm as a result of the offense."   It stated, "every time the video or photos in this matter are exchanged the child in those videos is harmed again. Nothing ever leaves the internet."

{¶13} The trial court further found that Stein "committed this offense as part of an organized criminal activity," because he downloaded and shared child pornography through an online site called LimeWire, where users share photographs and videos of child pornography.   During the allied offenses portion of the sentencing hearing, a child pornography investigator explained that LimeWire is an online file sharing network, or peer-to-peer network, that allows users to share and transfer child pornography files between one another.

{¶14} The trial court did not find any factors in Stein's favor indicating that his conduct was less serious than conduct normally constituting the offense.

{¶15}   The trial court then found that according to the PSI, Stein's risk of recidivism was low, and he had not had a prior offense.   Even so, after considering all of the factors, the trial court found that a sentence of community control would "absolutely demean the seriousness of this offense."

{¶16} The trial court indicated that it read all of the letters submitted to the court on Stein's behalf (19 letters, including a treatment letter from Candace Risen, who had

been treating Stein since his arrest). But the trial court stated that it found the letters "spoke formulaically in glowing terms of the defendant and his family."

{¶17} At the allied offenses part of the sentencing hearing, the trial court heard evidence from child pornography investigators that they found 81 videos and 285 photos on Stein's computer hard drive. These images and videos included files that Stein had obtained after searching "PTHC," which stands for "preteen hard core." The investigators described videos and images of prepubescent girls in unimaginable sexual situations with adult males. And although many of the files had been obtained on a single day, Stein admitted that he had been addicted to pornography for many years, and had been viewing child pornography for five years.

{¶18} Further, investigators testified that there was no evidence of any "hands on" offenses with children. But Dr. Aronoff, the court's own witness, testified that Stein was a "possible pedophile" because of the act of viewing child pornography occurring over a period of time and the "clinical distress that it caused him."

{¶19} Thus, in reviewing the record before us, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations in sentencing Stein.

{¶20} We note that in a recent case from this court, *State v. Mahan*, 8th Dist. No. 95696, 2011-Ohio-5154, the defendant was a first-time offender, as Stein is here. And the defendant in *Mahan* also had the support of family and friends, was gainfully employed, and had attended 100 meetings for sexual addicts. This court stated:

We acknowledge that a 16 year prison term imposed on a first-time offender who has, by all accounts, led an otherwise productive, law abiding life is a harsh sentence and is perhaps not one that we may have imposed. Nonetheless, the sentence was significantly less than what the court could have imposed based on defendant's 95 convictions. There was ample testimony in the record of the harm that has been, and continues to be, inflicted upon the victims who are the subjects of the material being viewed in these types of cases. The images, once uploaded, continue to circulate on the internet where individuals, like defendant, view them and make them available for viewing by others. The wide range of sentences that have been apparently imposed on defendants convicted of similar offenses is the result of the discretion vested in the trial court. Defendant's sentence was within the statutory range, lawful, and supported by the record, thus we cannot say it was unconscionable or otherwise an abuse of the trial court's discretion. *Id.* at ¶ 63.

**{¶21}** Accordingly, we find no abuse of discretion on the part of the trial court. Stein's first assignment of error is overruled.

Disproportionate Sentence

**{¶22}** In his second assignment of error, Stein argues that the trial court erred when it sentenced him because "the vast majority of individuals convicted of child

pornography offenses in Cuyahoga County * * * have received a lesser sentence." As such, Stein contends the trial court abused its discretion in sentencing him to ten years.

{¶23} R.C. 2929.11(B) provides that: "A sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders."

{¶24} In Stein's sentencing memorandum, he submitted a list of over 70 child pornography cases in Cuyahoga County. In the list, he included the name of the case, the case number, the number of counts each offender was charged with, the trial court judge who presided over the case, and the sentence the offender received.

{¶25} A review of the list, however, does not tell any facts about the individual case. Thus, we do not know whether the offenders in those cases were similar to Stein. As this court recently stated in *Mahan*, in upholding a 16-year sentence on an offender who pleaded no contest to 95 counts of various child pornography charges, "these journal entries tell us little, if anything, of the offender characteristics and provide no information beyond the convictions and terms of the sentences." *Id.*, 2011-Ohio-5154, at ¶ 60.

{¶26} Accordingly, we overrule Stein's second assignment of error.

Matters Outside the Record

{¶27} In his third assignment of error, Stein argues that the trial court erred when it sentenced him because it improperly considered "prejudicial matters" outside the record. Specifically, Stein complains of two statements made by the trial court at the sentencing hearing; the first is the trial court's statements on the evils of child pornography, and the

second is a statement the trial court made when discussing LimeWire being an organized crime (in its discussion of the R.C. 2929.12 factors):

> You may not have offended on anyone that you claim, however, who is to say that Joe Shlabotnick from Milwaukee, Wisconsin who went into LimeWire and downloaded materials from your computer did not then go out and rape and murder a little child. We don't know that. We will never know that. That's why the Court is finding that you have done this as part of an organized criminal activity.

{¶28} After a thorough review of the lengthy sentencing transcript, however, we find no abuse of discretion on the part of the trial court. Its statements on the evils of child pornography cannot be disputed — even by Stein. And although there was no evidence before the trial court that Stein — or anyone who obtained child pornography files from Stein via file sharing — raped or murdered children, we find that those statements alone do not cancel out the many proper factors considered by the trial court in sentencing Stein.

{¶29} Accordingly, we overrule Stein's third assignment of error.

{¶30} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR