[Cite as *State v. Roundtree*, 2012-Ohio-3366.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97577**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEVON ROUNDTREE

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-552402 and CR-545642

**BEFORE:** Kilbane, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
James M. Rice
Andrew Rogalski
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Devon Roundtree ("Roundtree") appeals his sentence in two separate criminal cases. Finding no merit to the appeal, we affirm.

{¶2} In Case No. CR-545642, Roundtree was indicted in January 2011 and charged with felonious assault in violation of R.C. 2903.11(A)(1). The allegations giving rise to this indictment were that Roundtree was involved in a fight with a juvenile acquaintance. Roundtree pled guilty to an amended charge of aggravated assault in violation of R.C. 2903.12(A)(1). The trial court sentenced Roundtree to two years of community control sanctions in June 2011.

{¶3} In July 2011, while on community control sanctions for Case No. CR-545642, Roundtree was indicted in Case No. CR-552402. Roundtree was again charged with felonious assault in violation of R.C. 2903.11(A)(1). This case, however, involved a separate incident and a different victim. The allegations giving rise to this indictment were that Roundtree and another male got into a fight over Roundtree's girlfriend, who was dating both men at that time. In September 2011, Roundtree pled guilty to an amended charge of attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1).

{¶4} In October 2011, a community control violation hearing and sentencing hearing was held. In Case No. CR-545642, the trial court found Roundtree in violation of his community control sanctions and sentenced him to six months in prison. In Case No. CR-552402, the trial court sentenced Roundtree to two years in prison. The trial court ordered that the sentences be served consecutive to each other, for a total of two and one-half years in prison.

{¶5} Roundtree now appeals, raising the following two assignments of error for review.

## ASSIGNMENT OF ERROR ONE

The trial court erred in imposing consecutive prison terms upon [Roundtree] for his separate convictions.

## ASSIGNMENT OF ERROR TWO

The trial court erred in sentencing [Roundtree] under O.R.C. 2929.14(A)(3)(a).

### Standard of Review

{¶6} In reviewing a felony sentence, we take note of R.C. 2953.08(G)(2), which provides in pertinent part:

The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7}   In addition, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing:  (1) "to protect the public from future crime by the offender and others" and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes."   R.C. 2929.11(A).   The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."   R.C. 2929.11(B).

## Consecutive Sentences

{¶8}   In the first assignment of error, Roundtree argues that the trial court failed to make the necessary findings required under R.C. 2929.14(C) for the imposition of consecutive sentences.

{¶9}   The General Assembly, through the enactment of House Bill 86 ("H.B. 86"), recently amended Ohio's sentencing statutes.   Since H.B. 86 took effect on September 30, 2011 and Roundtree was sentenced on October 20, 2011, the trial court was required to sentence him under the new statutes.   Relevant to this appeal, the

revisions under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. Specifically, R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} In the instant case, Roundtree was sentenced to six months in prison for his community control sanctions violation in Case No. CR-545642 and two years in prison for attempted felonious assault in Case No. CR-552402, to be served consecutively, for a total of two and one-half years in prison. Roundtree argues that the record is deficient with respect to the trial court's findings under R.C. 2929.14(C)(4). We disagree.

{¶11} The trial court's specific findings prior to imposing consecutive sentences are as follows:

[Y]ou know, my job isn't just to punish you, but it's to make sure that the community is protected.

So when I look at your record, going back to May 11, 2006, you were adjudicated delinquent on a criminal trespass. Then January 26th of 2007, it looks like you were adjudicated delinquent on an adult assault with disorderly conduct. You were on probation for that, and you were ordered to participate in anger management because of the violence in that case.

In June 2008, you were adjudicated delinquent of disorderly conduct. You were put back on probation. And then it looks like in July 2008[,] there's another disorderly conduct.

In September 2009, it looks like you were adjudicated delinquent of domestic violence.

And then December 26th of 2010, you were picked up for felonious assault [in Case No. CR-545642] that you did plead to aggravated assault, and I placed you on probation. And then the day after your probation or later that day, you picked up another felonious assault [in Case No. CR-552402] of which you pled guilty to an attempted felonious assault, a felony of the third degree.

* * *

So as a result of violating your probation, as I said, on a previous day you pled guilty to one count of aggravated assault, felony of the fourth degree. I am going to find that since you clearly violated by picking up a crime of violence, considering all the [relevant] serious and recidivism factors, ensuring that [the] public is protected, * * * I'm going to run [Roundtree's six month prison term in Case No. CR-545642] consecutive to the prison term in Case Number 552402.

* * *

And I'm going to find that a consecutive prison term is necessary to protect the community and punish the offender, and it's not disproportionate.

I also find that the harm was so great or unusual that a single term doesn't adequately protect or reflect the seriousness of this conduct. And, * * * you were on probation for aggravated assault and either later that day or the next day you went and committed another crime of violence, and attempted

felonious assault, where someone was severely injured.  And I find that your conduct in your history shows that a consecutive sentence is needed to protect the public.

{¶12} Contrary to Roundtree's assertion, we find that the trial court complied with the dictates of R.C. 2929.14(C)(4) and made all the required findings to support the imposition of consecutive sentences.  The trial judge found that the imposition of consecutive sentences would not be disproportionate to the seriousness of Roundtree's conduct and to the danger that he poses to the public.  The trial judge considered Roundtree's history of criminal conduct and emphasized that the first or second day that he was on probation in Case No. CR-545642, he committed the attempted felonious assault in Case No. CR-552402, where someone was severely injured.  Therefore, we find that the trial court articulated the necessary findings consistent with the directives of R.C. 2929.14(C)(4).

Attempted Felonious Assault Sentence

{¶13} In the second assignment of error, Roundtree argues that the trial court erred when it sentenced him under R.C. 2929.14(A)(3)(a) to two years in prison.  Roundtree claims that the trial court should have sentenced him under R.C. 2929.14(A)(3)(b) because none of the offenses listed in R.C. 2929.14(A)(3)(a) apply to his attempted felonious assault conviction in Case No. CR-552402.  R.C. 2929.14(A)(3)(a) provides that:

> [f]or a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate

proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

**{¶14}** R.C. 2929.14(A)(3)(b) provides that: "[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

**{¶15}** In the instant case, a review of the record reveals the trial court was under the impression that the possible prison term for Roundtree's attempted felonious assault conviction was either 12, 18, 24, 30, 36, 42, 48, 54 or 60 months. At the sentencing hearing, defense counsel asked the trial court to give Roundtree a one-year sentence under the new sentencing guidelines because of Roundtree's previous assault. The trial judge agreed, noting that Roundtree "gets the benefit of the lower because I feel that the longer sentence range applies to aggravated vehicular homicide and assaults." The trial court then considered Roundtree's criminal history and noted that Roundtree was on community control sanctions when he committed the new offense. The trial court stated:

> [I]n considering all of the relevant serious and recidivism factors and ensuring that the public is protected from future crime and you are punished, I do feel * * * that a prison term is appropriate and I feel like in this particular case, the lowest prison term of one year is not appropriate since you were on probation and just placed on probation at the time that you committed this new offense of violence.

> So I find that imposing a two-year prison term is appropriate.

**{¶16}** While the trial court appeared to be under the impression that the minimum sentence for Roundtree's attempted felonious assault conviction was 12 months,

Roundtree's two-year sentence was within the statutory range. *See State v. Green*, 8th Dist. No. 96966, 2012-Ohio-1941, ¶ 32; *State v. Stein*, 8th Dist. No. 97395, 2012-Ohio-2502, ¶ 8; *State v. Williams*, 8th Dist. No. 96813, 2012-Ohio-1830, ¶ 43 (where this court has found that if the sentence is within the statutory range, the sentence is not contrary to law). Roundtree does not claim that he was prejudiced, the trial court stated its reasons for imposing the two-year sentence, and the sentence does not exceed the maximum statutory term of 36 months. *See* R.C. 2929.14(A)(3)(b). Therefore, Roundtree's two-year prison sentence in Case No. CR-552402 is not contrary to law, and thus, is proper under R.C. 2953.08(G)(2).

{¶17} Accordingly, the first and second assignments of error are overruled.

{¶18} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, SR., J., CONCUR